IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER J. XIMENEZ,

    Petitioner,                    No. CIV S-08-1437 FCD DAD P

    vs.

DERRELL G. ADAMS, Warden,        <u>ORDER AND</u>

    Respondent.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        The sole claim contained in the petition before this court is that the Sacramento County Superior Court improperly ordered petitioner to pay $5,600.00 in restitution without determining his ability to pay in violation of the Due Process Clause. Petitioner claims that he has no ability to pay the restitution and argues that the minimum amount of $200.00 should be imposed.

1    This court lacks jurisdiction to review petitioner's § 2254 application because
2 federal habeas review is available only to state prisoners challenging the validity and duration of
3 their confinement.  Federal jurisdiction over a habeas petition arising from state court judgment
4 is limited to persons "in custody" pursuant to that judgment.  See § 28 U.S.C. § 2254(a).
5 Restitution orders generally do not meet the "in custody" requirement but rather are merely
6 collateral consequences of conviction.  See Williamson v. Gregiore, 151 F.3d 1180, 1183 (9th
7 Cir. 1998).  Where, as here, petitioner challenges only a restitution order, the fact that he is in
8 prison does not create federal court jurisdiction to review that order.  See United States v.
9 Gianelli, 519 F.3d 962, 967 n. 5 (9th Cir. 2008) (interpreting 28 U.S.C. § 2255) United States v.
10 Thiele, 314 F.3d 399, 402 (9th Cir. 2002) (same); Taylor v. Hamlet, No. 03-15676, 2004 WL
11 345672 at *1 (9th Cir. Feb. 4, 2004) (district court did not err in dismissing petitioner's
12 restitution claims as non-cognizable under § 2254 because they do not challenge the validity or
13 duration of confinement); Patterson v. Mendoza-Powers, No C 07-1580 SI, 2008 WL 2339820 at
14 *4 (N.D. Cal. June 5, 2008) ("The court lacks jurisdiction [under § 2254] to consider Patterson's
15 challenge to the restitution fine because he does not satisfy the habeas custody requirement.");
16 White v. Yates, No CV 07-044 JVS, 2008 WL 1836694 at *16 (C.D. Cal. Apr. 18, 2008) (same).

17    Rule 4 of the Rules Governing § 2254 Cases authorizes the court to summarily
18 dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it
19 that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section
20 2254 Cases.  For the reasons discussed above, the sole claim presented in petitioner's application
21 is not cognizable in this federal habeas corpus proceeding.  Accordingly, this action should be
22 dismissed.

23    Accordingly, IT IS HEREBY ORDERED that:
24    1. Petitioner's June 23, 2008 application to proceed in forma pauperis is granted;
25    2. Petitioner's July 16, 2008 motion to appoint counsel is denied as moot;
26 /////

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's June 23, 2008 request to reduce his restitution fine be denied;

2. Petitioner's June 23, 2008 petition for writ of habeas corpus be denied; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 13, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
xime1437.156

3